UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANNE O'BOYLE, Individually and on Behalf of All Others Similarly Situated,

   Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

   Defendant.

Case No.: 20-cv-572

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

# INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

# JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

# PARTIES

3. Plaintiff Anne O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from that Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Radius Global Solutions, LLC ("Radius") is a foreign business corporation with its principal place of business located at 5440 North Cumberland Suite 300, Chicago, Illinois 60656.

6. Radius does substantial business in Wisconsin and maintains a registered agent for service of process at C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

7. Radius is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Radius is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. Radius is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

10. On or around October 14, 2019, Radius mailed a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a "Macy's" store-branded credit card, used only for personal, household, and family purposes.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter used by Radius to attempt to collect alleged debts.

14. Exhibit A contains contradictory and confusing representations about the identity of the creditor to whom the debt is owed.

15. The header in <u>Exhibit A</u> states that the "Creditor" is "(DSNB) Department Stores National Bank" ("DSNB"):

> October 14, 2019
> Radius Reference Number: ▮0351
> Account #: ***********2632
> Balance: $372.32
>
> Customer Service: 866-610-8340 ext 3735
> OFFICE HOURS: MON - FRI: 8AM - 5PM CENTRAL TIME
> Creditor: (DSNB) Department Stores National Bank
> Regarding: MACY'S

16. The first sentence in the body in <u>Exhibit A</u> states that the "creditor of your account" is "MACY'S":

> Dear Anne C O'Boyle,
> MACY'S, the creditor of your account, has placed the above referenced account with Radius Global Solutions for collection.

17. The final sentence in the body of <u>Exhibit A</u> implies that the creditor to whom payment is owed is actually DSNB:

> Make check payable to DSNB.

18. Confusing and misleading representations about the name of the creditor are material misrepresentations because they create the potential for fraud or double-payments. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 324-25 (7th Cir. 2016); *Taylor v. Alltran Fin., LP*, No. 18-cv-306-JMS-MJD, 2018 U.S. Dist. LEXIS 159862, at *6 (S.D. Ind. Sept. 19, 2018).

19. For this reason, courts hold that a debt collector must clearly and unequivocally identify the current creditor to whom the debt is owed and "a FDCPA plaintiff states a claim when she alleges that the collection letter names the creditor in a manner that is unclear or confusing." *Blarek v. Creditors Interchange*, No. 05-cv-1018, 2006 U.S. Dist. LEXIS 60595, at *3 (E.D. Wis. Aug. 25, 2006); *see also, e.g., Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 133 (E.D.N.Y. 2007); *Walls v. United Collection Bureau*, No. 11-cv-6026, 2012 U.S. Dist. LEXIS 68079, at *5 (N.D. Ill. May 16, 2012); *Deschaine v. Nat'l Enter. Sys.*, No. 12-cv-50416,

3

2013 U.S. Dist. LEXIS 31349, at *3-5 (N.D. Ill. Mar. 7, 2013); *Aribal*, 2013 U.S. Dist. LEXIS 105355, at *12-13; *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3; *Pardo v. Allied Interstate, LLC*, No. 14-cv-1104, 2015 U.S. Dist. LEXIS 125526, at *8-9 (S.D. Ind. Sept. 21, 2015); *Long v. Fenton & McGarvey Law Firm, P.S.C.*, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. Dec. 9, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. 15-cv-3693, 2016 U.S. Dist. LEXIS 97664, at *4 (E.D.N.Y. July 25, 2016); *Datiz v. Int'l Recovery Assocs.*, No. 15-cv-3549, 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27, 2018), *adopted by,* 2018 U.S. Dist. LEXIS 163290 (E.D.N.Y. Sept. 24, 2018); *Smith v. Cohn, Goldberg & Deutsch, LLC*, 296 F. Supp. 3d 754, 761 (D. Md. 2017); *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *7-11.

20. Furthermore, <u>Exhibit A</u> states that the "Balance" of Plaintiff's alleged debt is $372.32.

21. <u>Exhibit A</u> also includes the following settlement offers:

> **Offer I:** Resolve your account for $167.58 in three payments of $55.86 starting on 11/04/19. If you need additional time to respond to this offer, please contact us. The payments can be no more than 30 days apart. Upon receipt and clearance of all three payments, we will send you a letter confirming that the above referenced account has been resolved.
>
> **Offer II:** Resolve your account for $186.18 in six payments of $31.03 starting on 11/04/19. If you need additional time to respond to this offer, please contact us. The payments can be no more than 30 days apart. Upon receipt and clearance of all six payments, we will send you a letter confirming that the above referenced account has been resolved.

22. Additionally, <u>Exhibit A</u> states:

> Should you fail to complete the arrangement proposed under Offer I or Offer II, the offers will be cancelled and any payments made will be applied to the balance due shown above. Please note, we are not obligated to renew these offers. If you would like to take advantage of one of the offers listed above, or if you would prefer to make smaller payments over time, please feel free to call us at 866-610-8340 ext 3735. Make check payable to DSNB.

23. <u>Exhibit A</u> thus includes a settlement offer with a purported deadline to accept such offer of November 4, 2019.

24. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

4

25. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

26. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

27. Although <u>Exhibit A</u> includes the safe harbor language prescribed by *Evory*, such safe harbor language is overshadowed by the letter's prior statement that "Should you fail to complete the arrangement proposed under Offer I or Offer II, the offers will be cancelled and any payments will be applied to the balance shown above."

28. The implication of the safe harbor language, understood in the context of the letter, is that the "renewal possibility" only exists if the consumer accepts the offer but the payment does not clear. *See, e.g., Al v. Van Ru Credit Corp.*, No. 17-cv-1738, 2018 U.S. Dist. LEXIS 70321, at *9-10 (E.D. Wis. Apr. 26, 2018) ("How the safe-harbor language would affect an unsophisticated consumer is a fact-specific question not amenable to resolution on a motion to dismiss."); *Pollak v. Portfolio Recovery Assocs., LLC*, 285 F. Supp. 3d 812, 834 (D.N.J. 2018) ("courts have found that if a collection letter contains the language, 'we are not obligated to renew this offer,' it does not violate the FDCPA, so long as the rest of the language in the collection letter does not contradict that safe harbor language.").

5

29. Reading the letter as a whole, the unsophisticated would understand the settlement offer included in Exhibit A had a deadline of November 4, 2019. In the context of the letter, the unsophisticated consumer would not understand the phrase "we are not obligated to renew this offer" to mean that "renewal [of the settlement offer is a] possibility but that it is not assured." *See Evory*, 505 F.3d at 775-76.

30. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

31. Upon information and belief, Radius had authority from the creditor to settle Plaintiff's account for $167.58, or less, at any time.

32. Plaintiff was misled and confused by Exhibit A.

33. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

67. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("Spuhler I") ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA

6

Case 2:20-cv-00572-WED   Filed 04/07/20   Page 6 of 11   Document 1

sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v.*

7

*Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

68. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

69. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring purported settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs., 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020); Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading

8

communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

70. 15 U.S.C. § 1692e generally prohibits: "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

71. 15 U.S.C. § 1692e(2)(a) specifically prohibits debt collectors from making false representations about "the character, amount, or legal status of any debt."

72. 15 U.S.C. § 1692e(5) specifically prohibits: "the threat to take any action that cannot legally be taken or that is not intended to be taken."

73. 15 U.S.C. § 1692e(10) specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT I – FDCPA

74. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

75. Exhibit A contains confusing and contradictory representations about the identity of the creditor to whom the debt is owed.

76. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

## COUNT II – FDCPA

77. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

78. By including the statement "we are not obligated to renew this offer" after the statement "Should you fail to complete the arrangement proposed under Offer I or Offer II, the

offers will be cancelled and any payments will be applied to the balance shown above," Exhibit A does not clearly indicate to the consumer that there was a renewal possibility if the consumer did not make a payment on the account prior to the expiration date.

79. Exhibit A falsely threatens that Defendant may revoke the settlement offer if the consumer does not "act now" to settle the debt.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

## **CLASS ALLEGATIONS**

81. Plaintiff brings this action on a Class, consisting of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt for personal, family, or household purposes, (d) between April 7, 2019 and April 7, 2020, inclusive, (e) that was not returned by the postal service.

82. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

83. There are questions of law and fact common to class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692g.

84. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

85. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

86. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

87. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: April 7, 2020 **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com